## REESE *v.* GORDON.

A PARTIAL failure of consideration cannot be pleaded in bar of an action upon a note given for the purchase money of land.

If there be fraud in the sale of the land, or a warranty of title, or if the consideration be divisible or capable of apportionment, a partial failure of consideration may sometimes be given in evidence in reduction of damages; but even then the matters relied on by defendant must constitute such an affirmative right of action as would maintain a separate suit.

APPEAL from the Fourth District.

Suit upon a note for $18,000, given by defendant to plaintiff, for the purchase money of a portion of one hundred vara lot, No. 106, in San Francisco, sold by the latter to the former, and to foreclose the mortgage executed to secure its payment.

Defendant sets up in answer substantially that there is a failure of consideration for the note, in this, that plaintiff's title to the lot is worthless; that said title is derived from the estate of one John Townsend, upon which one Schallenberger was administrator; that under an order of the Probate Court for the sale of the real estate of Townsend, certain auctioneers sold the lot in question, together with other real estate, and that the attorney at law of the administrator of the estate of Townsend was the purchaser, but that Reese, plaintiff here, and said attorney fraudulently agreed to insert and did insert the name of plaintiff as purchaser, in consideration whereof the attorney allowed plaintiff to retain this lot, No. 106, and took from him a deed of the balance of the property purchased; that the attorney, without the knowledge of the administrator, filed a report of the sale, in which Reese was fraudulently named as the purchaser, and that the sale was accordingly confirmed and a deed made by the administrator to Reese; that Reese always told defendant the title to the lot was good; that since ascertaining such title to be invalid, defendant has offered to reconvey the lot to plaintiff upon his refunding the interest money paid and canceling the note and mortgage, which plaintiff has refused.

The cause was tried by the Court, and upon the defenses made, the findings were, that plaintiff, and not Crosby, was the purchaser; that there was no fraud in such purchase on the part of plaintiff,

and no collusion by the plaintiff with Crosby; that the property purchased from the estate of Townsend was only part of the property for the purchase money of which the mortgage was given; that the defendant received from plaintiff his deed and the possession of the property included in the mortgage, has continued in possession ever since the sale, and has sold parts thereof to parties who are in possession under such sales; that plaintiff's deed to defendant contained the following words of conveyance, and no other, viz: " bargain, sell, alien and remise, release, convey and confirm all his right, title and interest in and to, etc.;" and the following words of covenant, and no other, viz: " that he, said Reese, had not made, done, committed, executed or suffered any act or acts, thing or things whatsoever, whereby or by means whereof said land so sold by him to defendant, or any part thereof then or at any time thereafter were or could be impeached, charged or incumbered in any manner whatsoever;" that defendant offered to reconvey as alleged.

A judgment was rendered for plaintiff for the amount due on the note, with a foreclosure of the mortgage.    Defendant appeals.

*John H. Saunders,* for Appellant, argued that there was a total failure of consideration, and that this was a bar to the action, citing *Warner* v. *Daniels,* 1 Woodb. & M. 110 ; *Hardeman* v. *Benge,* 10 Yerger, 202 ; *Bingham* v. *Bingham,* 1 Ves. 126 ; and that it was not necessary that defendant should be evicted before he can avail himself of this defense, because Townsend is not barred by adverse possession, citing *Feemster* v. *May,* 13 Sm. & M. 275 ; Id. 532–4.

*Wm. H. Patterson,* of Counsel for Appellant.

*Whitcomb, Pringle & Felton,* for Respondent.

I.    Plaintiff sold only " his right, title and interest," and his covenant extends only to that.    (*Gee* v. *Moore,* 14 Cal. 493 ; 2 Sug. Vendors, 755, note 1; Id. 757; *Sweet* v. *Brown,* 12 Met. 176 ; *Stannard* v. *Forbes and wife,* 6 Adol. & Ellis, 573.)

II.    Defendant has no defense before eviction.    (*Jackson* v. *Norton,* 5 Cal. 264 ; *Peabody* v. *Phelps,* 9 Id. 226.)

III.    The failure of consideration is not total.    The note and mortgage were given for the purchase money of premises, a *part*

whereof were purchased by plaintiff at the sale of the Townsend estate.    Parts of lot No. 106 had been sold to other parties previous to this sale, who had conveyed to Reese before his deed to defendant.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an action to recover the amount of a promissory note given for the purchase money of a lot in the city of San Francisco, and to foreclose a mortgage executed to secure its payment.    The complaint sets forth all the facts necessary to entitle the plaintiff to recover, and we think there is nothing in the matters of defense relied upon by the defendant.    The charges of fraud are negatived by the findings of the Court, and we are of opinion that the findings in that respect are strictly in accordance with the evidence.    The only point about which there can be any doubt, is the alleged failure of consideration ; but as there was no fraud in the sale, nor any warranty of title in the conveyance, we do not see how the defendant can avail himself of that objection.    At most, the consideration has only partially failed, and while there is no doubt that a failure of consideration may be pleaded in bar of an action upon a promissory note, to be available for that purpose the failure must be total.    In cases of fraud or warranty, or where the consideration is divisible or capable of apportionment, a partial failure may sometimes be given in evidence in reduction of damages ; but the practice in this respect proceeds upon the principle of a cross action, and an affirmative right of action must exist in favor of a party seeking relief in that form.    "A partial failure of consideration," says Edwards, " is not a defense to an action on a promissory note or bill of exchange ; but when properly pleaded it may be shown in reduction or recoupment of damages.    *    *    *    In establishing the claim to a mitigation of damages, it is evident that the defendant must plead and show a cause of action against the plaintiff, and prove his case in the same manner as if he had elected to bring a separate action."    (Edw. on Bills and Notes, 333, 334.)    There is nothing in any of the matters relied on in this case upon which a separate suit could be maintained, and no further test is required of

their want of availability as grounds of defense.   A partial failure of the consideration gave the defendant no right to repudiate the contract; and without that right he can no more resist a recovery than he can sue for the fruits of that recovery when obtained.   If the money had been paid, it would be a conclusive answer to an action to recover it back, that the consideration had failed only in part, and the attempt to resist its payment stands precisely upon the same footing.   The answer is as conclusive in the latter case as it would be in the former.